UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD L. BANKS,

        Petitioner,

vs.                      Case No. 3:10-cv-129-J-37TEM

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER**

**I. Status**

Petitioner is an inmate of the Florida penal system who initiated this action by filing a *pro se* Petition (Doc. #1) (hereinafter Petition) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed a Memorandum of Law for § 2254 Habeas Corpus Petition (Doc. #9). The Petition challenges a 2005 state court (Duval County) conviction for armed robbery, aggravated battery on a person over sixty-five years of age, and attempted second degree murder.[1]

Five grounds are raised in the Petition: (1) ineffective assistance of trial counsel for conceding that a robbery occurred; (2) ineffective assistance of trial counsel for failing to investigate, depose and call witness Larriesha Davis; (3)

_____

[1] Petitioner is serving a death sentence for first degree murder in a different case from Duval County. See http://www.dc.state.fl.us/ActiveInmates/detail.asp.

ineffective assistance of appellate counsel for failing to raise a claim on direct appeal that the trial judge erred in admitting the victim's statements under the excited utterance hearsay exception, in violation of Petitioner's right of confrontation; (4) an unlawful arrest based on a search obtained through coerced consent; and (5) the trial court reversibly erred in admitting out-of-court statements as excited utterances in violation of Petitioner's right of confrontation. Respondents filed a Response to Order to Show Cause Why a Writ of Habeas Corpus Should Not be Granted (Doc. #17) (hereinafter Response) on October 5, 2010, and an Appendix (Doc. #18) on October 6, 2010.[2] Petitioner's 2254 Habeas Corpus Reply to State's Response (Doc. #20) was filed on January 10, 2011. See Order (Doc. #11). Petitioner was granted leave to expand the record, and he submitted the notes of his trial counsel as Exhibit A (Doc. #25). See Order (Doc. #27).

## II. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess

_____

[2] The Court hereinafter refers to the Exhibits in the Appendix as "Ex."

[Petitioner's] claim without further factual development." <u>Turner</u>
<u>v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541
U.S. 1034 (2004).

### III.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. §
2254(d), as amended by the Antiterrorism and Effective Death
Penalty Act (hereinafter AEDPA).  This standard is described as
follows:

> As explained by the Supreme Court, the
> phrase "'clearly established Federal
> law' . . . refers to the holdings . . . of
> [the Supreme Court's] decisions as of the time
> of the relevant state-court decision."
> <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120
> S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).  We
> have held that to be "contrary to" clearly
> established federal law, the state court must
> either (1) apply a rule "that contradicts the
> governing law set forth by Supreme Court case
> law," or (2) reach a different result from the
> Supreme Court "when faced with materially
> indistinguishable facts." <u>Putman v. Head</u>, 268
> F.3d 1223, 1241 (11th Cir. 2003).
>
> As regards the "unreasonable application"
> prong of § 2254(d)(1), we have held as
> follows:
>
>> A state court decision is an
>> unreasonable application of clearly
>> established law if the state court
>> unreasonably extends or fails to
>> extend a clearly established legal
>> principle to a new context.  An
>> application of federal law cannot be
>> considered unreasonable merely
>> because it is, in our judgment,
>> incorrect or erroneous; a state
>> court decision must also be
>> unreasonable.  Questions of law and

> mixed questions of law and fact are
> reviewed *de novo*, as is the district
> court's conclusion regarding the
> reasonableness of the state court's
> application of federal law.

> Jennings v. McDonough, 490 F.3d 1230, 1236
> (11th Cir. 2007) (quotation marks and
> citations omitted). In sum, "a federal habeas
> court making the 'unreasonable application'
> inquiry should ask whether the state court's
> application of clearly established federal law
> was objectively unreasonable." Williams, 529
> U.S. at 409, 120 S.Ct. at 1521. Finally, 28
> U.S.C. § 2254(e)(1) commands that for a writ
> to issue because the state court made an
> "unreasonable determination of the facts," the
> petitioner must rebut "the presumption of
> correctness [of a state court's factual
> findings] by clear and convincing evidence."[3]
> 28 U.S.C. § 2254(e)(1).

Ward v. Hall, 592 F.3d 1144, 1155-56 (11th Cir. 2010), cert.

denied, 131 S.Ct. 647 (2010).

Finally, for a state court's resolution of a claim to be an

adjudication on the merits, so that the state court's determination

will be entitled to deference for purposes of federal habeas corpus

review under AEDPA, all that is required is a rejection of the

claim on the merits, not an opinion that explains the state court's

rationale for such a ruling. Wright v. Sec'y for the Dep't of

Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S.

906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th

---

[3] This presumption of correctness applies equally to factual
determinations made by state trial and appellate courts." Bui v.
Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted)
(citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Cir. 2004), cert. denied, 545 U.S. 1142 (2005).  Thus, to the extent that Petitioner's claim was adjudicated on the merits in the state courts,[4] it must be evaluated under § 2254(d).

## IV.  Timeliness

Respondents calculate that the Petition is timely filed, Response at 3-5, and the Court will accept this calculation.

## V.  Exhaustion and Procedural Default

There are prerequisites to a federal habeas review:

> Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his state conviction.  See 28 U.S.C. § 2254(b), (c).  To exhaust state remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989) (emphasis omitted).  Thus, to properly exhaust a claim, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

Maples v. Allen, 586 F.3d 879, 886 (11th Cir. 2009) (per curiam), cert. granted in part, 131 S.Ct. 1718 (2011).

_____

[4] The Court's evaluation is limited to examining whether the highest state court's resolution of the claim is contrary to, or an unreasonable application of, clearly established law, as set forth by the United States Supreme Court.  See Newland v. Hall, 527 F.3d 1162, 1199 (11th Cir. 2008), cert. denied, 129 S.Ct. 1336 (2009).

Procedural defaults may be excused under certain circumstances: "[n]otwithstanding that a claim has been procedurally defaulted, a federal court may still consider the claim if a state habeas petitioner can show either (1) cause for and actual prejudice from the default; or (2) a fundamental miscarriage of justice." <u>Id</u>. at 890 (citations omitted). In order for Petitioner to establish cause,

> the procedural default "must result from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252, 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477 U.S. at 488, 106 S.Ct. 2639). Under the prejudice prong, [a petitioner] must show that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." <u>Id</u>. at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106 S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999).

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), <u>cert</u>. <u>denied</u>, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156,

1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

Respondents note that grounds one and two of the Petition were raised in Petitioner's initial motion for post-conviction relief and the claims were fully exhausted in the state court system. Response at 10. With respect to ground three, however, Respondents assert that Petitioner raised this claim in a successive state petition for writ of habeas corpus, which was denied by the First District Court of Appeal as untimely and an abuse of the writ. Response at 11. Respondents assert that although the claim is exhausted, it is procedurally barred. <u>Id</u>. With regard to the fourth ground, Respondents assert that this claim was raised in a second successive motion for post-conviction relief filed on September 1, 2009. <u>Id</u>. It was rejected as untimely filed and an abuse of process. <u>Id</u>. at 12. Respondents admit the claim is exhausted but assert that it is procedurally barred. <u>Id</u>.

Finally, in addressing ground five, Respondents note that this claim was presented on direct appeal from his conviction and sentence, and was rejected by the First District Court of Appeal. <u>Id</u>. However, they assert that Petitioner raised the claim solely on state law grounds and a federal constitutional claim was not presented to the First District Court of Appeal. <u>Id</u>. Thus, they contend that the federal claim was not fairly presented to the state courts. <u>Id</u>. at 12-13. In sum, they claim ground five, the

federal constitutional claim, is unexhausted and procedurally barred. Id. at 13.

The Court will first address Respondents' argument with respect to ground three. The claim of ineffective assistance of appellate counsel presented in ground three was not raised in the state courts until Petitioner's second Petition for Writ of Habeas Corpus. Ex. AA. On November 14, 2008, the First District Court of Appeal denied the petition, citing Fla. R. App. P. 9.141(c)(4)(B) and 9.141(c)(5)(C). Ex. BB. Thus, the second state habeas petition was rejected as untimely filed, as it was filed more than two years after the judgment and sentence became final on appeal. Response at 15. See e.g., Pate v. State, 71 So.3d 124 (Fla. 2nd DCA 2011) (unpublished disposition) (dismissing a state habeas corpus petition, treated as a petition alleging ineffective assistance of appellate counsel, as untimely filed pursuant to Florida Rule of Appellate Procedure 9.141(c)(4)(B)). Additionally, it was rejected as a second successive petition.[5] Rule 9.141(c)(5)(C), Fla. R. App. P.

Since the petition was rejected as both time barred and procedurally barred, the third ground is barred from federal habeas review. Response at 15-16. Petitioner has not shown cause and

---

[5] "The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure." Rule 9.141(c)(5)(C), Fla. R. App. P.

prejudice or that a fundamental miscarriage of justice will result if the Court does not reach the claim on its merits.

Next, the Court will address Respondents' argument with respect to ground four of the Petition. This ground was raised in a successive Rule 3.850 motion, claiming newly-discovered evidence. Ex. CC at 1-26. The trial court rejected this contention, finding the petition for all writs and motion for post-conviction relief untimely and procedurally barred as an abuse of process. Id. at 27-30. On July 13, 2010, the First District Court of Appeal affirmed per curiam. Ex. FF. Thus, ground four is procedurally barred from federal habeas review. Response at 16. Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if the Court does not reach ground four on its merits.

Finally, the Court will address Respondents' procedural default argument with respect to ground five. Respondents contend that although Petitioner raised a claim based on state law grounds, he failed to exhaust ground five in the federal constitutional sense. Response at 17. The Supreme Court of the United States, in addressing the question of exhaustion, explained:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (quoting Picard v. Connor, 404 U.S.

> 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)
> (citation omitted)).  To provide the State
> with the necessary "opportunity," **the prisoner
> must "fairly present" his claim in each
> appropriate state court** (including a state
> supreme court with powers of discretionary
> review), thereby alerting that court to the
> federal nature of the claim.  <u>Duncan</u>, <u>supra</u>,
> at 365-366, 115 S.Ct. 887; <u>O'Sullivan v.
> Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728,
> 144 L.Ed.2d 1 (1999).

<u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (emphasis added).  In

<u>Baldwin</u>, the Supreme Court recognized a variety of ways a federal

constitutional issue could be fairly presented to the state court:

by citing the federal source of law, by citing a case deciding the

claim on federal grounds, or by labeling the claim "federal."  <u>Id</u>.

at 32.

Respondents state that Petitioner raised the issue at trial

and on direct appeal, but it was couched in terms of a state law

issue.  Response at 17.  The record shows the following.  Defense

counsel filed a Motion in Limine Concerning Statements by the

Victim.  Ex. A at 38-39.  It was argued that the statements were

made when the victim was calm rather than excited and were made in

response to interrogatories put to him by civilians and police

officers.  <u>Id</u>. at 38.  Further, it was argued that statements made

to police officers were inadmissible under <u>Crawford v. Washington</u>,

541 U.S. 36 (2004), because they were testimonial and made with a

reasonable expectation that they would be used in court.  Ex. A at

39.

After hearing argument and watching a video (without recorded sound) of the victim's conversation with civilians, id. at 178-93, the trial court made its ruling:

> But in essence I'm denying the motion in limine. It wasn't a motion to suppress, I guess, it was a motion in limine concerning statements by the victim. **Denying the motion as it regards to statements made to the civilian witnesses at the scene of the crime.**
>
> **I'm granting it as to the detective's interrogation at the hospital on the principle announced in Crawford versus Washington.** It would be admissible, I believe under the hearsay code as an excited utterance, but that doesn't resolve the Crawford issue because it's interrogation by police officers is obviously the testimonial, so I think in light of Crawford I would have to say that that would be inadmissible in violation of the defendant's Sixth Amendment right to confrontation. And it is moot as to the officers at the scene because the state announced it did not intend to offer those officers' testimony.

Ex. B at 217-18 (emphasis added). See Ex. A at 59, Order.

On direct appeal, the following claim was raised: "the trial court reversibly erred in allowing out-of-court statements made by the victim to be introduced as excited utterances." Ex. I at i. This argument was based on the assertion that the victim was calm at the time the utterances were made to the civilian witnesses within the convenience store following the stabbing. Id. at 9. It was argued that the trial court made an erroneous interpretation of the Florida Evidence Code by admitting the statements made to the

civilians, citing § 90.803(2), Florida Statutes.[6]  Appellate

counsel, in the brief, urged the appellate court to find that the

"improper admission of the hearsay constituted reversible error."

Ex. I at 11.  The state responded, Ex. J, and the appellate court

affirmed per curiam on August 14, 2006.  Ex. K.  The mandate issued

on August 30, 2006.  Ex. L.

Upon review, the appellate brief did not adequately supply the

federal or constitutional references.  The Eleventh Circuit has

explained:

> If a petitioner fails to "properly"
> present his claim to the state court-by
> exhausting his claims and complying with the
> applicable state procedure-prior to bringing
> his federal habeas claim then AEDPA typically
> bars us from reviewing the claim. Exhaustion
> requires that "state prisoners must give the
> state courts one full opportunity to resolve
> any constitutional issues by invoking one
> complete round of the State's established
> appellate review process." O'Sullivan v.
> Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728,
> 144 L.Ed.2d 1 (1999); see § 2254(b), (c).
> That is, to properly exhaust a claim, the
> petitioner must "fairly present[ ]" every
> issue raised in his federal petition to the
> state's highest court, either on direct appeal
> or on collateral review. Castille v. Peoples,
> 489 U.S. 346, 350-51, 109 S.Ct. 1056, 103
> L.Ed.2d 380 (1989) (quotation omitted).

Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (per curiam),

cert. denied, 131 S.Ct. 1002 (2011).

---

[6] The trial court, relying on Crawford, granted the motion in
limine with respect to the statements made by the victim to the
detective at the hospital; therefore, this part of the trial
court's ruling was not at issue on direct appeal.

The Court finds Petitioner did not adequately raise a federal claim under the Confrontation Clause. This federal claim is unexhausted and procedurally defaulted. Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice. Therefore, the Court will apply the state procedural bar to ground five and will not reach the claim on its merits.

In the alternative, Petitioner is not entitled to habeas relief on ground five. <u>See</u> Response at 46-50. As recently noted by the Eleventh Circuit, "[t]he Confrontation Clause bars the admission of 'testimonial' hearsay unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination." <u>United States v. Berkman</u>, 433 Fed.Appx. 859, 863 (11th Cir. 2011) (per curiam) (not selected for publication in the Federal Reporter) (citing <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004)). In defining testimonial hearsay statements, the Eleventh Circuit relied on <u>Crawford</u>, referring to such statements as those "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." <u>Id</u>. (citing <u>Crawford</u>, 541 U.S. at 52).

Here, the victim's out-of-court statements qualify as excited utterances, and fall within the firmly rooted hearsay exceptions. Indeed, the statements made by the victim to the citizen witnesses were not testimonial. <u>Wright v. Sec'y, Dep't of Corr.</u>, No. 8:10-cv-770-T-33TGW, 2011 WL 2731079, at *4 (M.D. Fla. July 13, 2011). Simply, the statements made by the victim to civilians who stopped

and rendered aid do not fall within the <u>Crawford</u> definition of testimonial statements. <u>Id</u>. at *5. Thus, ground five is due to be denied.

## VI.  Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of trial counsel. "The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . . [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Id</u>. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. <u>Id</u>. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694, 104 S.Ct. at 2068.

<u>Gaskin v. Sec'y, Dep't of Corr.</u>, 494 F.3d 997, 1002 (11th Cir. 2007). "Establishing these two elements is not easy: 'the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.'" <u>Van Poyck v. Fla. Dep't of Corr.</u>, 290 F.3d 1318, 1322 (11th Cir. 2002) (per curiam) (citations and footnote omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

## VII.  Findings of Fact and Conclusions of Law

### A.  Ground One

In ground one of the Petition, Petitioner asserts his trial counsel was ineffective for conceding that a robbery occurred. Petition at 6.  This claim was presented in ground five of the initial Rule 3.850 motion.  Ex. M at 20-21.  The trial court conducted an evidentiary hearing, and defense counsel, Alan Chipperfield, testified.  Ex. N at 7-44.  In its Order Denying Motion for Post-conviction Relief, the trial court, in pertinent part, said:

> **GROUND FIVE:** Defendant next claims that he received ineffective assistance of counsel because his lawyer, in opening and closing statement, "made a concession to the robbery charge."  Indeed, it is true that trial counsel conceded that the robbery had occurred.  To do otherwise would have hurt his credibility with the jury, since the crime was captured on videotape and was the subject of eyewitness testimony.  Defense counsel did not, however, ever concede that the Defendant had been the assailant.  In short, the lawyer's strategy of admitting that the robbery occurred was consistent with the

defense used at trial, that of
misidentification of the Defendant.

Defense counsel did argue to the jury
that even if the Defendant had been the
assailant, he should not be convicted of the
alleged crime of attempted first-degree
murder, because of a lack of proof of
premeditated intent. The fact that such was
an appropriate strategy is clear because the
jury did not convict the Defendant of this
charge; but instead convicted him of the
lesser included offense of attempted second-
degree murder.

Ex. M at 127.

This decision was per curiam affirmed by the First District
Court of Appeal on February 4, 2009. Ex. R. The mandate issued on
April 6, 2009. Ex. S.

Upon review, there was no unreasonable application of clearly
established law in the state court's decision to reject the
Strickland ineffectiveness claim. Indeed, the decisions of the
state trial and appellate courts are entitled to deference under
AEDPA. The adjudications of the state courts resulted in decisions
that involved a reasonable application of clearly established
federal law, as determined by the United States Supreme Court.
Therefore, Petitioner is not entitled to relief on ground one, the
claim of ineffective assistance of trial counsel, because the state
courts' decisions were not contrary to clearly established federal
law, did not involve an unreasonable application of clearly
established federal law, and were not based on an unreasonable

determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> Response at 24-29.

## B.  Ground Two

In his second ground of the Petition, Petitioner claims trial counsel was ineffective for failing to investigate, depose and call witness Larreisha Davis.  Petition at 7.  This issue was presented in the initial Rule 3.850 motion as ground three.  Ex. M at 16-18. After an evidentiary hearing, the trial court rejected this claim finding:

> **<u>GROUND THREE:</u>** First, Defendant claims he received ineffective assistance of counsel because his attorney failed to call as a witness at trial an eleven-year-old girl named Larreisha Davis.  Defense counsel did interview this individual, however.  That interview revealed that she had been present at the scene of the crimes, but that she never saw the assailant's full face.  She did, though, give a general description of the assailant to the police which matched the description of the Defendant.
>
> This witness was not able to identify the Defendant from a photospread.  Defendant asserts, therefore, that she should have been called by the Defense to show that he had been misidentified as the assailant.  However, it was also true that this witness had been unable to tell police officials that all of the persons in the photospread were <u>not</u> the assailant.
>
> Defense counsel felt that calling the witness to trial would have added little to his defense; but that on the other hand if the witness had an opportunity to see the Defendant in person, she might then identify him as the attacker.  Defense counsel certainly showed sound strategic thinking in determining that the eleven-year-old witness

should not be brought to trial.  Moreover, he likely discussed this strategy with the Defendant, and got his approval for the same. The defense counsel does not remember specifically discussing the matter with the Defendant, but such would have been his practice prior to trial.  There occurred at trial, then, after the Defense rested its case, the following dialogue between the Court and the Defendant:

> "THE COURT:  You also, can, in the appropriate case, present additional evidence other than the testimony of this [other] witness. Is it your decision that this witness' testimony will be the only evidence that your attorney will offer in your behalf?
>
> "THE DEFENDANT:    I have no problem with that."

<u>Id</u>. at 126-27.

The trial court found the Rule 3.850 motion frivolous, concluding Petitioner "has totally failed to demonstrate that his counsel's performance is either deficient, or that it prejudiced him, under the standards announced in <u>Strickland v. Washington</u>, 104 S.Ct. 2052 (1984)."[7]  <u>Id</u>. at 128.  The trial court's decision was per curiam affirmed by the First District Court of Appeal on February 4, 2009,  Ex. R, and the mandate issued on April 6, 2009. Ex. S.

---

[7] The Court notes that some obvious success was achieved by defense counsel's trial strategy as Petitioner was convicted of attempted second degree murder, not attempted first degree murder as charged in the amended information.  Ex. A at 36, 95-96.

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of ground two. <u>See</u> Response at 29-34.

## VIII.  Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.  The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.  If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be

filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of December, 2011.



ROY B. DALTON JR.
United States District Judge


sa 12/1
c:
Donald L. Banks
Ass't A.G. (McCoy)
Ass't A.G. (Charbula)